IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FIDELITY ASSURANCE COMPANY,

                Plaintiff,

  v.

                                                  OPINION and ORDER

SAVANNAH MYERS,
JORGE HERNANDEZ-BELTRAN, and                     24-cv-246-amb
SCOTT J. CURTIS, SPECIAL ADMINISTRATOR OF
THE ESTATE OF JOSHUA HERNANDEZ, Deceased,

                Defendant.

---

This is a Rule 22 interpleader action involving the life insurance policy of Joshua Hernandez. American Fidelity Assurance Company issued the policy to Hernandez as part of his employee welfare benefit plan, and Hernandez listed Savannah Myers as the policy's sole primary beneficiary. Hernandez later died from injuries sustained in a car accident. It is alleged that Myers was driving the car, and that Myers faces criminal charges in state court that may compromise her claim to the policy proceeds. After Hernandez's passing, his brother, Jorge Hernandez-Beltran, filed a statement with American Fidelity seeking the policy proceeds. There is a related probate proceeding playing out in state court.

American Fidelity filed this interpleader action as a disinterested stakeholder, naming Myers, Hernandez-Beltran, and Scott J. Curtis, the administrator of Hernandez's estate, as defendants. Dkt. 21. American Fidelity does not contest that the policy proceeds must be paid in full, but it does not know to whom. It thus has deposited the policy proceeds with the court and wishes to leave the action to allow Myers and Hernandez-Beltran to litigate amongst themselves. Dkt. 22. All defendants have answered the operative amended complaint. Dkt.

25 (Myers); Dkt. 27 (Hernandez-Beltran);[1] Dkt. 33 (Curtis), and Meyers filed a crossclaim against Hernandez-Beltran and Curtis. Dkt. 25. Both Curtis and Hernandez-Beltran have now answered that crossclaim, although Hernandez-Beltran appeared to do so tardily. Dkt. 34 (Curtis) & Dkt. 45 (Hernandez-Beltran).

Before the court are two motions—a motion to transfer the policy funds to probate court, Dkt. 36, and a motion for default judgment, Dkt. 44. For the reasons below, the motion to transfer, Dkt. 36, is DENIED, and the motion for default judgment, Dkt. 44, remains under advisement pending briefing from the parties.

## ANALYSIS

**A. Motion to transfer funds**

Hernandez-Beltran has filed a motion seeking to have the policy proceeds transferred. Dkt. 36. These proceeds are currently being held by the clerk of court after the court granted American Fidelity's motion to deposit them here. Dkt. 4 & Dkt. 22; *see also* Sept. 27, 2024, Notice to Counsel. Hernandez-Beltran now asks for the funds to be transferred to probate court, asserting that "[d]oing so would put all potential interested parties (all Wisconsin residents) together in one Court designed by Wisconsin law to hear claims related to the life insurance contract, the meaning of its terms, and probate issues." Dkt. 36 at 2. Hernandez-Beltran also argues that this court will be divested of subject matter jurisdiction upon the dismissal of American Fidelity because all other parties are Wisconsin residents. *Id.*

---

[1] As discussed below, Hernandez-Beltran filed two identical answers to the amended complaint. Dkt. 27 & Dkt. 28.

The court finds no basis to transfer the funds and no reason to question its jurisdiction. Hernandez-Beltran's transfer request is premature because it is not yet clear the fate of the policy proceeds. It is possible that Myers will be disqualified from receiving them and thus possible that they may become a probate asset. But that is just one possibility, and the court will not transfer the funds with the heart of the case still in flux. Perhaps unsurprisingly, Hernandez-Beltran cites no rule that would authorize transfer of the funds at this juncture and the court is aware of none.

As for subject matter jurisdiction, all parties, including Hernandez-Beltran, agree that there is complete diversity between plaintiff American Fidelity and claimants, *see* Dkt. 21, ¶ 6; Dkt. 25, ¶ 6; Dkt. 27, ¶ 1; Dkt. 33, ¶ 1. This is all that is required to give rise to subject matter jurisdiction in this Rule 22 interpleader. "Under Rule 22 interpleader, diversity of citizenship between an interested stakeholder-plaintiff and all adverse claimants is all that is required." *Stewart Oil Co. v. Sohio Petroleum Co.*, 315 F.2d 759, 762 (7th Cir. 1963). Diversity jurisdiction exists over Rule 22 interpleader actions when the stakeholder is diverse from all of the claimants, but the claimants need not be diverse from one another. *Arnold v. KJD Real Estate*, LLC, 752 F.3d 700, 704 (7th Cir. 2014).

American Fidelity remains a party to this case,[2] meaning the requisite diversity remains intact. And even if it were dismissed, that would not necessarily change the calculus. *See* Fed. Prac. & Proc. Civ. § 1710 (3d ed.) ("[F]ederal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is discharged or by invoking the theory

---

[2] American Fidelity has not filed a motion seeking dismissal, and the court will not act on this issue without briefing from the parties.

that there is ancillary jurisdiction over the second stage of the interpleader."). If American Fidelity is dismissed, Hernandez-Beltran may reraise this issue then, although he is cautioned to review the applicable authorities before doing so.

For these reasons, Hernandez-Beltran's motion to transfer the policy funds is DENIED.

## B. Motion for entry of default

Meyers has filed a motion for entry of default and default judgment against Hernandez-Beltran, Dkt. 44, arguing that he failed to timely answer her crossclaim, filed with the court on September 29, 2024, Dkt. 25. Meyers states that she served Hernandez-Beltran with her crossclaim on October 9, 2024, making his answer due October 30, 2024, but Hernandez-Beltran did not answer by that date.

The instant motion for default was filed January 7, 2025. Dkt. 44. Later that same day, Hernandez-Beltran filed an answer to the crossclaim dated September 27, 2024. Dkt. 45. This date is curious because it predates the operative crossclaim by over a week. Perhaps this answer was prepared in response to Meyers' initial crossclaim, filed September 1, 2024, Dkt. 19, which was eventually superseded when American Fidelity filed an amended complaint and Meyers answered that new pleading. And perhaps Hernandez-Beltran intended to serve his answer to the crossclaim when he answered the amended complaint, which is plausible because it appears he mistakenly filed two identical answers to the amended complaint on October 8, 2024. Dkt. 27 & Dkt. 28. But it is not clear without further information.

The court could excuse Hernandez-Beltran's tardiness, but it would have to find excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Accordingly, the court ORDERS Hernandez-Beltran to file a letter, no more than two pages, explaining his tardy answer by January 28, 2025. Meyers may file a response, no more than two pages, by February 4, 2025.

ORDER

IT IS ORDERED that:

1. Hernandez-Beltran's motion to transfer, Dkt. 36, is DENIED.

2. Hernandez-Beltran is ORDERED to file a letter, no more than two pages, explaining his tardy answer by January 28, 2025. Meyers may file a response, no more than two pages, by February 4, 2025.

Entered this 21st day of January, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge