IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FIDELITY ASSURANCE
COMPANY,

                     Plaintiff,

  v.

SAVANNAH MYERS, *et al.*,

                     Defendants.

OPINION and ORDER

24-cv-246-amb

---

Plaintiff American Fidelity Assurance Company ("American Fidelity") moves unopposed for a Final Judgment Order in Interpleader. Dkt. 49. Defendant Jorge Hernandez-Beltran and defendant Savannah Myers have filed separate letters stating no opposition. Dkts. 52, 53. For the reasons stated in this opinion, the court GRANTS plaintiff's motion.

BACKGROUND

On April 16, 2024, American Fidelity filed its complaint in interpleader under Fed. R. Civ. P. 22, 28 U.S.C. § 1332, and the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to resolve competing claims to the proceeds of the Renewable and Convertible Term Life Insurance Policy, Policy No. XXXXX9170, on the life of Joshua Hernandez, with an Effective Date of November 1, 2023, a Benefit Amount of $200,000.00, and an Accidental Death and Dismemberment Benefit Amount of $200,000.00 (the "Policy"). Dkt. 1.

On September 10, 2024, with leave of court, American Fidelity filed its Amended Complaint in Interpleader ("Amended Complaint") under Fed. R. Civ. P. 22, 28 U.S.C. § 1332, and ERISA, 29 U.S.C. §§ 1001-1461 to resolve competing claims to the proceeds of the Policy.

Dkts. 20, 21. All defendants have filed their answers to the amended complaint. Dkts. 25, 27, 33. None of the defendants has filed a counterclaim against American Fidelity.

On September 27, 2024, with leave of court, American Family deposited its admitted liability under the Policy, with applicable interest, in the amount of $426,922.74 (Receipt No. 3464), subject to this court's further order as to whom among the defendants is entitled to receive those proceeds.

## ANALYSIS

Due to adverse and conflicting claims to the proceeds of the life insurance policy, American Fidelity cannot make payment to any of the claimants under the Annuity Contract without exposing itself to multiple litigation, liability, or both.

American Fidelity is entitled to final judgment in interpleader against all defendants in this matter for the reasons set forth in its amended complaint in interpleader and in its motion for final judgment order in interpleader. Therefore, American Fidelity Assurance Company is permitted to include the complete policy number for Policy No. TYD179170 in its final judgment order in interpleader, as included in the proposed final judgment order in interpleader emailed to the court, and as allowed under Fed. R. Civ. P. 5.2 upon court order.

Judgment is entered in favor of American Fidelity Assurance Company on its amended complaint in interpleader and this court expressly finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delaying either enforcement or appeal of this Order and that this judgment is a final order.

American Fidelity Assurance Company has no further liability to defendants Savannah Myers, Jorge Hernandez-Beltran, and Scott J. Curtis, as Special Administrator of the Estate of

Joshua Hernandez, Deceased, or any of their heirs, successors, or representatives, or to any person or entity claiming through them, for the policy proceeds payable under the terms of life insurance Policy No. TYD179170, or on the account of the death of Joshua Hernandez.

American Fidelity Assurance Company has acted in good faith by interpleading the policy proceeds of life insurance Policy No. TYD179170 and depositing its admitted liability with the clerk of this court.

Finally, American Fidelity Assurance Company is excused and dismissed from further attendance in this cause and the adverse claimants, Savannah Myers, Jorge Hernandez-Beltran, and Scott J. Curtis, as Special Administrator of the Estate of Joshua Hernandez, Deceased, are ordered to litigate their claims and contentions concerning the policy proceeds of life insurance Policy No. TYD179170, without further involving American Fidelity Assurance Company.

It is so ORDERED.

Entered March 12, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge